IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:  In Proceedings
  Under Chapter 7
JEANINE MARIE WADE,

  Case No. 10-32662
        Debtor(s).

OPINION

The debtor in this chapter 7 case seeks to use 11 U.S.C. § 522(f)(1)(A) to avoid a judicial lien recorded by Gateway Metro Federal Credit Union against her interest in real estate commonly known as 816 Piquard Court, Maryville, Illinois. According to the debtor, she is entitled to avoid the lien because it impairs an exemption "that she would have been entitled to assert in her bankruptcy petition . . ."[1] using Illinois' homestead exemption, 735 ILCS 5/12-901.

The debtor did not claim a homestead exemption for 816 Piquard Court on Schedule C. On October 13, 2010, when she filed her bankruptcy case, the debtor was not residing at 816 Piquard Court but rather at 139 Shadowbrooke Drive, in Troy, Illinois. *Voluntary Petition*, Document 1, at 1. Moreover, the debtor's answer to question 15 of the *Statement of Financial Affairs*, Document 1, at 33, reveals that the debtor had last resided at 816 Piquard Court on January 31, 2009, close to two years before she filed her bankruptcy case. Counsel for the debtor maintained at a hearing before this Court on March 8, 2011, that the debtor continued to have a legal interest in the real estate[2] and, therefore, could have claimed a homestead exemption in the property. However, the debtor's intent at the time of the bankruptcy filing, which intent was

---

[1] Debtor's *Motion to Avoid Judicial Lien,* Document 21, at 1, ¶ 3.

[2] This was contradicted by the debtor's assertion in the *Motion to Avoid Judicial Lien* that she "presently does not own any real estate." Document 21, at 1, ¶ 3.

realized subsequently, was to surrender the real estate and to claim no exemption in it. *Chapter 7 Individual Debtor's Statement of Intention*, Document 1, at 36.

The debtor's primary argument appears to be that her continuing legal interest in 816 Piquard Court on the date of the bankruptcy filing entitled her to claim a homestead exemption in the property that, although unexercised, now provides a basis to avoid the judicial lien that Gateway Metro Federal Credit Union recorded against the property. The debtor's argument is without merit because she cannot claim a homestead exemption in the real estate at issue.

Section 522(f)(1)(A) provides, in pertinent part, that:

> (f)(1) . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b)[3] of this section, if such lien is—
> (A) a judicial lien . . . .

11 U.S.C. § 522(f)(1)(A) (footnote added). In order to utilize § 522(f)(1), "a debtor must be able to claim an exemption in the asset." *In re McCoy*, No. 02-14926, 02-14972, 02-16404, 02-16110, 02-15730, 2003 WL 22890102, at *2 (Bankr. N.D. Miss. Apr. 23, 2003). A debtor's avoiding power under 11 U.S.C. § 522(f) "permits a debtor to wipe out the interest that a creditor has in particular property if the debtor's interest in that property would be exempt but for the existence of the creditor's lien or interest." 4 *Collier on Bankruptcy* ¶ 522.11[1], at 522-92 (16th ed. 2010). *See also In re Tolson*, 338 B.R. 359, 365 (Bankr. C.D. Ill. 2005) (in order to avoid a judicial lien under § 522(f)(1)(A), each of four requirements must be satisfied, including the requirement that "[t]he debtor claims and is entitled to exempt that property interest . . . .").

---

[3] Since Illinois has opted out of the federal exemption scheme, 735 ILCS 5/12-1201, the debtor is limited by 11 U.S.C. § 522(b)(2) to using the Illinois exemptions, including its homestead exemption.

Here, the debtor is not entitled to claim a homestead exemption in 816 Piquard Court because she did not occupy the property as a residence on the bankruptcy filing date or for nearly two years before that date. Illinois' homestead exemption statute provides, in pertinent part, that:

> [e]very individual is entitled to an estate of homestead to the extent in value of $15,000 of his or her interest in a . . . lot of land and buildings thereon, . . . owned or rightly possessed by lease or otherwise **and occupied by him or her as a residence.**

735 ILCS 5/12-901 (emphasis added). The plain language of the statute requires that there be both an interest in real estate and occupancy as a residence. The debtor has ignored the occupancy requirement altogether and therefore her claim of exemption entitlement fails.[4] Since there is no homestead exemption which the debtor claimed or could have claimed, an element essential to avoiding the judicial lien is lacking, *In re Tolson*, 338 B.R. at 365, and Gateway Metro Federal Credit Union's lien cannot be avoided under § 522(f)(1)(A).

The debtor's final argument appears to rest in equity. Debtor has asserted that the judicial lien should be avoided because it "impairs her right to a fresh start in her life . . . since no future creditor will loan her money to purchase a residence in Madison County so long as the lien is filed of record therein." Debtor's *Motion to Avoid Judicial Lien,* Document 21, at 1-2, ¶ 3. Debtor urges the Court to order that the lien shall not survive after the bankruptcy case concludes and that it shall not affix to the debtor's interest in real estate acquired post-discharge. Even were there to be a pressing need for redress for this situation (of which the Court is skeptical),[5] the Court cannot use its discretion under 11 U.S.C. § 105(a) to fashion relief that is

---

[4] The debtor has not attempted to argue that she did not intend to abandon her homestead. In addition to her nearly two-year absence from the premises, such an argument would strain credulity since the debtor did not claim the property as exempt and stated that it was her intention to surrender the property.

3

not available within the confines of the Bankruptcy Code.  *E.g.*, *Disch v. Rasmussen*, 417 F. 3d 769, 777-78 (7th Cir. 2005).  The remedy of judicial lien avoidance is available only when the statutory requirements of § 522(f)(1)(A) are met.  As discussed above, in this case, they have not been met.

    See Order entered this date.


ENTERED: March 30, 2011

                                      /s/ Laura K. Grandy
                                  UNITED STATES BANKRUPTCY JUDGE

---

[5] Because the debtor's personal liability on this pre-petition debt is discharged in bankruptcy, Gateway Metro Federal Credit Union's judicial lien may not attach to real property that the debtor acquires post-petition.