IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings |
| | Under Chapter 7 |
| JEANINE MARIE WADE, | |
| | Case No. 10-32662 |
| Debtor(s). | |

OPINION

This is the second time that this debtor has come before the Court seeking to avoid a lien affixed to her interest in real estate commonly known as 816 Piquard Court, Maryville, Illinois. On her first attempt, the debtor sought to use 11 U.S.C. § 522(f)(1)(A) to avoid a judicial lien that, according to the debtor, was impairing a homestead exemption that she was entitled to claim in the real estate. The debtor was defeated in this argument because she failed to meet the statutory requirement that one must occupy real estate as a residence in order to claim a homestead exemption in it. 735 ILCS 5/12-901. Since the debtor had not resided in the home at 816 Piquard Court for nearly two years prior to filing her bankruptcy petition, did not reside there on the date the bankruptcy case was filed, did not claim a homestead exemption and planned to surrender the real estate, the Court held that the judicial lien did not impair an exemption and was not avoidable under § 522(f)(1)(A).[1]

The debtor does not fare better in her second attempt at lien avoidance. Now, she seeks to avoid a pre-petition statutory lien recorded against 816 Piquard Court by the Illinois Department of Revenue (DOR) for $1,951.91 in sales and use taxes. The debtor is using a

---

[1] *In re Wade*, No. 10-32662, 2011 WL 1193497, at *1-2 (Bankr. S.D. Ill. March 30, 2011). The Court's opinion and order of March 30, 2011, making this determination, were not appealed by the debtor.

1

different tactic this time, selecting 11 U.S.C. § 522(h) as her starting point for lien avoidance. However, as noted by the DOR,[2] this approach fails as well because the debtor is ineligible for a homestead exemption on the 816 Piquard Court property. While the DOR contends, for a variety of other reasons, that the debtor cannot avoid its statutory lien,[3] the Court need not reach those arguments since §§ 522(g)(1) and (h) demand that the property on which the lien is affixed be property that the debtor could have exempted in the first instance.

Section 522(h) of the Bankruptcy Code provides, in pertinent part:

> (h)  The debtor may avoid a transfer of property of the debtor . . . to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
> (1) such transfer is avoidable by the trustee under section . . . 545[4] . . . of this title . . . ; and
> (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h) (footnote added).   Section 522(g)(1), in turn, provides:

> (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
> (B)  the debtor did not conceal such property. . . .

---

[2]  The DOR asserts that the debtor cannot avoid the statutory lien using § 522(h) because she would be unable to exempt the real estate under § 522(g)(1) even had the trustee acted to avoid the lien.

[3]  As additional grounds in defense of its lien, the DOR argues that:  (1) its lien is not a judicial lien avoidable under § 522(f)(1)(A); (2) its lien is not a "springing" lien that would be avoidable by the trustee under § 545(1)(D); and  (3) its lien is not vulnerable to attack under § 545(2) because  it was properly perfected pre-petition pursuant to state law and is valid against a bona fide purchaser .

[4]  The debtor invokes the trustee's avoidance powers under § 545(1)(D).

11 U.S.C. § 522(g)(1). As explained in the case of *In re Cramer*, 393 B.R. 611, 614 (Bankr. N.D. Ill. 2008), section 522(h) enables a debtor to avoid certain transfers of exempt property but only if all of the following five conditions are met:

> (1) the transfer must not have been voluntary on the part of the debtor; (2) the debtor must not have concealed the property; (3) the trustee must not have attempted to avoid the transfer; (4) the transfer must be avoidable under one of the trustee's powers listed in section 522(h)(1); and (5) **the property must be a kind the debtor is able to exempt.**

*In re Cramer*, 393 B.R. at 614 (citing *In re Dalip*, 194 B.R. 597, 600 (Bankr. N.D. Ill. 1996); *In re Washkowiak*, 62 B.R. 884, 886 (Bankr. N.D. Ill. 1986)) (emphasis added). *See also In re Germann*, Adv. No. 10-4038, 2011 WL 182127, at *2-3 (Bankr. S.D. Ill. Jan. 5, 2011) (recovery under § 522(h) "relies on the debtor being able to claim the recoverable funds as exempt.") Having established in the opinion of March 30, 2011, referenced above, that the debtor cannot claim a homestead exemption for 816 Piquard Court, the Court need look no further to conclude that the debtor is unable to avoid the DOR's statutory lien on the real estate using § 522(h).

As she did previously, the debtor appeals to the Court's equitable powers in asking the Court to avoid the DOR's lien because, purportedly, it impairs her fresh start. The Court adopts the reasoning of its prior decision, *In re Wade*, 2011 WL 1193497, at *2, and holds that it is not free to fashion remedies that exceed the boundaries of the protections offered by the Bankruptcy Code. *Id.* As a result, the DOR's statutory lien will not be avoided using 11 U.S.C. § 105(a).

See Order entered this date.

ENTERED: April 28, 2011

/s/ Laura K. Grandy
_____
UNITED STATES BANKRUPTCY JUDGE